IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KHALIFAH E.D. SAIF'ULLAH,

    Plaintiff,                        No. CIV S-98-1322 MCE GGH P

    vs.

EDWARD PADAOAN, et al.,        ORDER &amp;

    Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. The following motions are pending before the court: 1) defendants' October 19, 2004 amended motion to dismiss,[1] pursuant to non-enumerated Fed. R. Civ. 12(b),[2] for failure to

---

[1] Defendants also purport to bring the amended motion pursuant to Fed. R. Civ. P. 12(b)(1), although they provide no basis for a finding that the court lacks jurisdiction over the subject matter.

[2] In a motion to dismiss for failure to exhaust administrative remedies under non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure, defendants "have the burden of raising and proving exhaustion." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The parties may go outside the pleadings, submitting affidavits or declarations under penalty of perjury, but plaintiff must be provided with notice of his opportunity to develop a record. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14. Because no fair notice appears in the record to have been expressly provided to plaintiff, defendants' supporting exhibits and affidavits outside the pleadings would ordinarily have to be disregarded; however, given the court's analysis in this

1

exhaust administrative remedies;[3] and 2) plaintiff's motion for enforcement of the <u>Mayweathers</u> class action June 25, 2004 court order re: expungement of disciplinary actions from his central file related to CDC grooming regulations.

<u>Background</u>

> The court borrows from a prior order to briefly review the background and summarize the present posture of this case:
>
>> This action was proceeding on the original complaint filed July 9, 1998, when a stay was imposed by order filed November 9, 1999, adopting the September 8, 1999 recommendation of the undersigned for a stay pending resolution of the <u>Mayweathers</u> class action. <u>See</u> <u>Order</u>, filed on November 9, 1999; <u>see also</u>, <u>Findings and Recommendations</u>, filed on September 8, 1999.
>>
>> Now before the court is plaintiff's July 8, 2004 motion to lift the stay and to have discovery re-opened, a decision in the <u>Mayweathers</u> case having been reached, which disposition, plaintiff notes, favors his position.[4] Plaintiff in this action alleges that defendants have interfered with his right to practice his Muslim religion. As relief, plaintiff sought money damages and a preliminary injunction preventing defendants from assigning him to a job which restricts him from attending Friday Jumu'ah prayer service. Plaintiff is incarcerated at California State Prison-Solano (CSP-Solano).
>>
>> In <u>Mayweathers v. Terhune</u>, CIV S-96-1582 FCD GGH P, restrictions on Muslim inmate religious practices at CSP-Solano were challenged in a class action seeking injunctive relief, whose members included all Muslim inmates at CSP-Solano. Plaintiff in the instant action was a <u>Mayweathers</u> class member and his claim for money damages was preserved by the stay. <u>See</u> <u>Findings and Recommendations</u>, filed on September 8, 1999.
>
> <u>See</u> Order filed on September 9, 2004, pp. 1-2.

---

matter (<u>see</u> <u>infra</u>), the need for such notice has been mooted.

[3] Although defendants set forth as an additional, or alternative, ground for dismissal at the outset of their motion, as well as in the introduction of their memorandum of points and authorities, that defendants are entitled to qualified immunity, no argument is set forth and no authority cited in support of the claim of any defendant's entitlement to qualified immunity; the court, therefore, cannot reach this unsupported ground.

[4] Judgment in <u>Mayweathers</u> was actually entered on August 18, 2004, in accordance with the court's orders, filed on June 25, 2004 and August 18, 2004. Plaintiffs' motion for summary judgment and permanent injunction was granted on June 25, 2004.

Plaintiff's motion to lift the stay was granted and defendants were granted leave to re-notice their April 12, 1999 motion to dismiss for plaintiff's failure to exhaust administrative remedies, which had been vacated by the order filed on November 9, 1999, to file a new dismissal motion, or to file an answer. Id., at 2. As noted, defendants filed an amended motion to dismiss.

<u>Exhaustion</u>

42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of appeal: 1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. <u>Barry v. Ratelle</u>, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997)(citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement. <u>Id.</u> at 1237-38.

Inmates seeking injunctive relief must exhaust administrative remedies. <u>Rumbles v. Hill</u>, 182 F.3d 1064 (9th Cir. 1999). In <u>Booth v. Churner</u>, 532 U.S. 731, 121 S. Ct. 1819 (2001), the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures. 532 U.S. at 741, 121 S. Ct. at 1825. Therefore, inmates seeking money damages must completely exhaust their administrative remedies. <u>Booth v. Churner</u>, 532 U.S. 731, 121 S. Ct. 1819 (2001) (inmates seeking money damages are required to exhaust administrative remedies even where the grievance process does not permit awards of money damages). 42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted. <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002).

\\\\\

1       This case, in its unstayed posture following resolution of the class action,
2 proceeds now against defendants only as to money damages, injunctive relief having been
3 granted in Mayweathers v. Terhune, 328 F. Supp.2d 1086 (2004).  The prison (including, of
4 course, defendants herein) are permanently enjoined, inter alia, not to impose "any form of
5 discipline on the plaintiffs... based on plaintiffs' attendance at Jumu'ah services," 328 F. Supp.2d
6 at 1102.  Therefore, no prospective administrative remedy exists because the court has already
7 ordered the remedy.  The prison officials must comply with this order, and may not issue
8 different orders.  It follows that no form of relief, on the face of it, is available to him via the
9 prison administrative appeal process because, of course, the grievance procedure at issue does
10 not permit any form of monetary relief.  Thus, in this unique circumstance, no administrative
11 remedy whatsoever remains "available" to plaintiff within the meaning of  42 U.S.C. § 1997e(a).
12 Although Booth requires exhaustion of administrative remedies prior to an inmate's filing a
13 federal civil rights action even when only money damages are sought, the fundamental, as well as
14 the only logical, premise of the requirement is that some form of administrative relief, even
15 though not in the form of money, is available through that process.

> The meaning of the phrase "administrative remedies ...available" is the crux of the case, and up to a point the parties approach it with agreement.  Neither of them denies that some redress for a wrong is presupposed by the statute's requirement of an "available" remed[y]"; neither argues that exhaustion is required where the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint.

Booth, 532 U.S. at 736, 121 S. Ct. at 1822.

21       Since this case presents that rare instance "where the relevant administrative
22 procedure" lacks any authority whatever "to provide any relief or to take any action whatsoever"
23 in response to a grievance, this court will not require plaintiff to engage in a pointless, inefficient
24 round of grievances by recommending dismissal for failure to exhaust wholly non-existent
25 administrative remedies.
26 \\\\\

1   Furthermore, in Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005), the Ninth Circuit
2 recently found that where an administrative appeal was deemed time-barred by the prison appeals
3 coordinator, and no further appeal within the prison grievance process remained, an inmate's
4 claims had been administratively exhausted for PLRA purposes.  There is no point whatever in
5 dismissing this case to require plaintiff to exhaust the grievance process at this stage where any
6 such grievance would inevitably be found time-barred,[5] and no further appeal within the prison
7 grievance process would be available to him.  In other words, "a procedural default ... is not
8 necessarily synonymous with a failure to exhaust."  Id., at 626.  In order for defendants to be able
9 to establish a failure to exhaust in such a context, they would have to show specifically what
10 remedies remained available following rejection of the grievance as untimely.  Id.  Thus, under
11 Ngo, plaintiff's claims would be found to have been exhausted and the parties and this court
12 would have engaged in an extended but fruitless effort, the matter neither ultimately disposed of
13 nor further advanced, upon plaintiff's filing a new action.  This court will recommend denial of
14 defendants' amended motion to dismiss for failure to exhaust administrative remedies.

15 Motion re: Enforcement of Order

16   Plaintiff filed an inapposite motion seeking enforcement in this case of the June
17 25, 2004 order in the Mayweathers class action relating to expungement of plaintiff's disciplinary
18 record for violation of grooming standards.  As defendants note, no such order was filed in this
19 action, and there are no grooming standards at issue in this case.  See, Declaration of Michael G.
20 Lee in support of opposition to motion requesting enforcement, filed December 14, 2004.
21 Plaintiff may seek enforcement of the court order within the class action wherein the order at
22 issue arose.  This action proceeds only on plaintiff's claim for money damages related to
23 plaintiff's allegations that defendants precluded or inhibited him from attending or taking part in

---

[5] See Cal. Code Regs., tit. 15, §§ 3084.5(a), 3084.5(b), 3084.6(c).  Under § 3084.6(c), an inmate must submit an appeal "within 15 working days of the event or decision being appealed...."

5

1  Jumu'ah services for a period of time.  Plaintiff's inapplicable motion will be denied.

2         Accordingly, IT IS ORDERED that plaintiff's December 6, 2004 motion re:
3  enforcement of part of an order from a separate case is denied.

4         Accordingly, IT IS HEREBY RECOMMENDED that defendants' October 19,
5  2004 amended motion to dismiss for failure to exhaust administrative remedies be denied and
6  defendants be directed to file an answer within 30 days of adoption of these findings and
7  recommendations.

8         These findings and recommendations are submitted to the United States District
9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
10 days after being served with these findings and recommendations, plaintiff may file written
11 objections with the court.  Such a document should be captioned "Objections to Magistrate
12 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
13 within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
14 <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

15 DATED: 6/30/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

18 GGH:009
saif1322.ofr